# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MORGAN DREXEN, INC.** and **KIMBERLY A. PISINSKI**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**CONSUMER FINANCIAL PROTECTION BUREAU**,<br><br>*Defendant*. | Civil Action No. 13-01112 (CKK) |

## SCHEDULING AND PROCEDURES ORDER
(July 25, 2013)

The Court held two on the record telephone conference calls with the parties on July 24, 2013 and July 25, 2013, during which Plaintiffs consented to withdraw their [3] motion for preliminary injunction and both parties consented to instead proceed with an expedited briefing on the merits of Plaintiffs' Complaint. The parties jointly proposed a schedule, which this Court granted. Accordingly, and in order to administer this civil action in a manner fair to the litigants and consistent with the parties' interest in completing this litigation in the shortest possible time and at the least possible cost, it is, this 25th day of June, 2013, hereby

**ORDERED** that the parties are directed to comply with each of the directives set forth in this Order. The Court will hold the parties responsible for following these directives; failure to conform to this Order's directives **may, when appropriate, result in the imposition of sanctions**.

1. **COMMUNICATIONS WITH THE COURT.** The parties should endeavor to keep communications with Chambers to a minimum. *Ex parte* communications on matters other than scheduling are **strictly prohibited**; if the parties need to contact Chambers, it must be done **jointly** pursuant to a conference call arranged by the parties.

2. **MOTIONS FOR EXTENSIONS OF TIME.** The Court will not entertain or honor stipulations for extensions of time; parties must file a motion in accordance with the following instructions:

    (a) Motions for extensions of time **must be filed at least four (4) business days prior to the first affected deadline**.

    (b) Motions for extensions of time are strongly discouraged; they will be granted only in truly exceptional or compelling circumstances and parties should not

        expect the Court to grant extensions.

    (c)    All motions for extensions of time **must include the following or they will not be considered**:

        (i)    The specific grounds for the extension;

        (ii)    The number of previous extensions, if any, granted to each party;

        (iii)    A statement of the impact that the requested extension would have on all other previously set deadlines;

        (iv)    A proposed schedule for any other affected deadlines, to be proposed only after consulting with opposing counsel; and

        (v)    A statement of opposing counsel's position vis-à-vis the motion in accordance with Local Rule LCvR 7(m).

3.    **MOTIONS GENERALLY.**  Parties must comply with the following instructions when briefing any motion:

    (a)    Memoranda of points and authorities filed in support of or in opposition to any motion may not, without leave of the Court, exceed forty-five (45) pages, and reply memoranda may not exceed twenty-five (25) pages, with margins set at one inch and with all text double-spaced (excepting footnotes) and in twelve-point Times New Roman (including footnotes).

    (b)    A party may not file a sur-reply without first requesting leave of the Court.

    (c)    Where a party fails to file a memorandum of points and authorities in opposition to a given motion, the Court **may treat the motion as conceded**. *See* Local Rule LCvR 7(b).  Similarly, where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded.  *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009).

    (d)    **Exhibits shall be properly edited** to exclude irrelevant material and to direct the Court's attention to the pertinent portions thereof.

    (e)    Each submission shall be accompanied by a table of cases and other authorities cited therein.

    (f)    Every pleading or paper, regardless of whether it is signed by an attorney or a *pro se* party, shall contain the name, address, telephone number, and, for an

attorney, bar identification number. *See* Local Rule LCvR 5.1(e).

4. **MOTIONS FOR SUMMARY JUDGMENT.** Parties must comply with the following instructions when briefing motions for summary judgment and the Court may strike papers not in conformity therewith:

(a) The Court **strictly adheres to the dictates of Local Rule LCvR 7(h)**, which requires that each party submitting a motion for summary judgment attach a statement of material facts for which that party contends there is no genuine dispute, with specific citations to those portions of the record upon which the party relies in fashioning the statement. The party opposing the motion must, in turn, submit a statement enumerating all material facts which the party contends are genuinely disputed and thus require trial. *See* Local Rule LCvR 7(h)(1). The parties are strongly encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of Local Rule LCvR 7(h).

(b) The moving party's statement of material facts shall be a short and concise statement, **in numbered paragraphs**, of all material facts as to which the moving party claims there is no genuine dispute. The statement must contain **only one factual assertion in each numbered paragraph**.

(c) The party responding to a statement of material facts must respond to each paragraph with a **correspondingly numbered paragraph**, indicating whether that paragraph is admitted or denied. If a paragraph is admitted only in part, the party must specifically identify which parts are admitted and which parts are denied.

(d) The Court may assume that facts identified by the moving party in its statement of material facts are **admitted**, unless such facts are controverted in the statement filed in opposition to the motion. *See* Local Rule LCvR 7(h)(1).

(e) The responding party must include any information relevant to its response in its correspondingly numbered paragraph, with specific citations to the record. However, if the responding party has additional facts that are not directly relevant to its response, it must identify such facts in consecutively numbered paragraphs **at the end** of its responsive statement of facts. **If additional factual allegations are made, the opponent must file a responsive statement of its own**.

(f) The parties must furnish **precise citations** to the portions of the record on which they rely; the Court need not consider materials not specifically identified. *See* Fed. R. Civ. P. 56(c)(3).

5. **MOTIONS FOR RECONSIDERATION.** Motions for reconsideration of prior rulings are strongly discouraged. Such motions shall be filed only when the requirements of Fed. R. Civ. P. 54(b), Fed. R. Civ. P. 59(e), and/or Fed. R. Civ. P 60(b) are met. If such a motion is filed, it **shall not exceed ten (10) pages in length**. Moreover, the Court will not entertain: (a) motions which simply reassert arguments previously raised and rejected by the Court; or (b) arguments which should have been previously raised, but are being raised for the first time. *See Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1993). Motions not in compliance with these instructions may be stricken.

6. **COURTESY COPIES.** The parties shall deliver one (1) courtesy copy of any submission that is over twenty-five (25) pages in length or that includes more than one (1) exhibit to the Court Security Officer at the loading dock located at Third and C Streets (not the Clerk's Office or Chambers). Courtesy copies shall be appropriately bound and tabbed for ease of reference.

7. **SETTLEMENT.** The parties are expected to evaluate their respective cases for purposes of settlement. The Court encourages the use of alternative dispute resolution *e.g.*, mediation or neutral case evaluation. The use of these methods is available at any time, as is a settlement conference before a magistrate judge. If counsel are interested in pursuing these options, they may contact Chambers at any time. If the case settles in whole or in part, counsel shall **promptly** advise the Court.

8. **APPEARANCES AT HEARINGS.** Principal trial counsel must appear at all hearings unless excused by the Court in advance.

It is **FURTHER ORDERED** that the parties shall adhere to the following schedule:

(a) On or before **August 7, 2013**, Plaintiffs shall file their motion for summary judgment;

(b) On or before **August 27, 2013**, Defendant shall file its opposition to Plaintiffs' motion for summary judgment and cross-motion to dismiss and/or for summary judgment;

(c) On or before **September 13, 2013**, Plaintiffs shall file their reply in further support of their motion for summary judgment and opposition to Defendant's cross-motion; and

(d) On or before **September 25, 2013**, Defendants shall file its reply in further support of its cross-motion to dismiss and/or for summary judgment.

Additional dates will be set as necessary. The dates identified above are firm; the Court has endeavored to give the parties the schedule that they have requested and expects that they will adhere

to that schedule.  The Court shall also endeavor to issue a ruling on the parties' motions on an expedited basis and will advise the parties in the event a hearing is necessary.

**SO ORDERED.**

Date:  July 25, 2013                                                             /s/

**COLLEEN KOLLAR-KOTELLY**
United States District Judge