**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MORGAN DREXEN, INC.** and **KIMBERLY A. PISINSKI,** *Plaintiffs*, v. **CONSUMER FINANCIAL PROTECTION BUREAU,** *Defendant*. | Civil Action No. 13-01112 (CKK) **POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ENJOINING CFPB FROM PROSECUTING ITS SECOND-FILED ACTION** |

Plaintiffs Kimberly A. Pisinski ("Pisinski") and Morgan Drexen, Inc. ("Morgan Drexen") (together, "Plaintiffs"), by and through undersigned counsel, respectfully submit this Memorandum of Points and Authorities in Support of their Motion for a Temporary Restraining Order and Preliminary Injunction Enjoining Defendant Consumer Financial Protection Bureau ("CFPB") from Prosecuting its Second-Filed Action.

As explained below, this Court has the authority to enjoin CFPB from proceeding with a lawsuit filed on Tuesday, August 20, 2013 in a California federal court (the "California Lawsuit") against Morgan Drexen and its Chief Executive Officer pending the disposition of Plaintiffs' constitutional challenge to CFPB's structure now moving on an accelerated schedule in this Court. The California Lawsuit overlaps with this case because it necessarily encompasses Plaintiffs' constitutional challenge. An injunction is necessary to permit the orderly disposition of this case, which is proceeding on an expedited schedule ordered by the Court, and consented to by the CFPB, and to avoid the duplication, inefficiency, and risk of inconsistent decisions on the foundational constitutional issue.

## BACKGROUND

1. This case was commenced on July 22, 2013 when Plaintiffs filed their Complaint and Motion for Preliminary Injunction to challenge the constitutionality of CFPB.

2. Plaintiffs requested expedited proceedings and submitted declarations demonstrating irreparable harm including but not limited to facts showing that CFPB's investigation, civil investigative demands to Morgan Drexen and its business partners, and threats of litigation were impairing Plaintiffs' businesses and reputation.

3. The Court held telephonic hearings on July 24 and July 25, 2013, after which, and upon consent of all parties, the Court ordered expedited briefing on the merits of Plaintiffs' Complaint. *See* Docket No. 8.

4. Briefing is underway on Plaintiffs' motion for summary judgment, with all briefing set to close on September 25, 2013. *See id.* Plaintiffs have already explained in detail Plaintiffs' basis for standing to sue and that CFPB is unconstitutional. In particular, Plaintiffs' summary judgment papers already submitted to this Court explain that CFPB acquired an extremely broad delegation of power (including transferred authority from seven different agencies), yet CFPB lacks constitutionally-required checks, balances, and oversight (including because CFPB's Director has a half billion dollar annual budget but does not serve at the pleasure of the President, is not subject to the congressional appropriations power, and is not required to vote with a panel of commissioners as is the case with agencies with analogous power, such as the Federal Trade Commission and the Securities and Exchange Commission). Docket No. 13-2.

5. Despite the fact that CFPB investigated Plaintiff Morgan Drexen for more than 16 months (Docket No. 3-5 at ¶ 4) before the July 25, 2013 teleconference with the Court, CFPB's counsel (perhaps to preserve a standing defense) stated that Morgan Drexen was not under any

compulsory government authority, CFPB's civil investigative demands were "not self-enforcing," that Morgan Drexen did not "have an obligation to comply with them under the law" (7/24/13 Tr. at 5:5-16), and CFPB had "not yet determined whether or not to file an enforcement action" (7/25/13 Tr. at 6:4-5).

6.  After setting the expedited schedule, the Court commented:

> "I indicated that this would be an expedited schedule and I would make an expedited decision.  It would be helpful, probably, not to have an enforcement action, which they're claiming is unconstitutional, going on at the same time."

(7/25/13 Tr. at 5:20-24) (emphasis added).

7.  Notwithstanding this statement, CFPB filed the California Lawsuit on Tuesday, August 20, and then filed a Notice with this Court, attaching a copy of its Complaint, and stating that CFPB "will address the significance of its enforcement action in its memorandum of points and authorities opposing Plaintiffs' motion for summary judgment and supporting its cross-motion for summary judgment, which is due on August 27, 2013." Docket No. 14.

8.  In the California Lawsuit, CFPB alleges that that it "is an independent agency of the United States" possessing "independent litigating authority."  California Compl. ¶ 4; *see also id*. ¶ 2 (alleging that the court has jurisdiction because the "action is brought by an agency of the United States.").

9.  Morgan Drexen disputes these allegations based upon the *identical* constitutional argument that is set forth in Plaintiffs' pending motion for summary judgment already filed in this Court.  *See* Docket No. 13-2.  If the California Lawsuit were to proceed in absence of an injunction, Morgan Drexen would be forced to re-brief this issue in California, and Morgan Drexen would be subject to multiple and potentially inconsistent decisions.

10. CFPB publicized the California Lawsuit by issuing a press release on Tuesday (available at http://www.consumerfinance.gov/pressreleases/cfpb-files-suit-against-morgan-drexen-inc-for-charging-illegal-fees-and-deceiving-consumers/). The press release contains an inflammatory headline: "CFPB Files Suit Against Morgan Drexen for Charging Illegal Fees and Deceiving Consumers." *Id*. The press release also contains quotations from CFPB's Director accusing Morgan Drexen of "illegal" conduct, and vowing to hold Morgan Drexen "accountable." *Id*.

**ARGUMENT**

11. It is well established that a federal court has the authority to enjoin a party from proceeding with a later-filed action in another federal court. *See Columbia Plaza Corp. v. Security National Bank*, 525 F.2d 620, 627 (D.C. Cir. 1975). "In determining whether prosecution of a suit in another forum should be preliminarily enjoined pending disposition of the action in which the motion is filed, [the preliminary injunction factors] are of secondary significance." *Id.* at 622 n.3.[1] "The primary factor to be weighed is the convenience of the parties and the courts." *Id.*; *see also id.* at 626 (noting the "desirability of deciding common issues in one tribunal rather than two.").

12. The Court's power to enjoin CFPB from prosecuting the California Lawsuit is sometimes referred to as the "first-to-file" rule, which creates a presumption that the first-filed case "be allowed to proceed to its conclusion first" before a later-filed case that raises the same issue. *Washington Metro. Area Transit Auth. v. Ragonese,* 617 F.2d 828, 830 (D.C. Cir. 1980) (affirming dismissal without prejudice of plaintiff's claim where an earlier lawsuit was

---

[1] *See also Truck-Lite Co., Inc. v. Peterson Manufacturing Co.*, 2009 WL 5785138, at *1 (W.D.N.Y. Nov. 16, 2009) ("Motions to enjoin prosecution of later-filed, parallel litigation are not analyzed under the Preliminary Injunction standard. While such motions are brought pursuant to Fed. R. Civ. P. 65, motions to enjoin prosecution of later-filed actions are analyzed under relevant first-to-file case law").

proceeding elsewhere). "The court is not to blindly apply the 'first filed' rule, but rather is to balance equitable considerations genuinely relevant to the ends of justice." *United States v. Exxon Corp.*, 1980 WL 1065, **4-5 (D.D.C. Dec. 19, 1980) (citations omitted) (enjoining a defendant from prosecuting a later-filed action). For example, in *Columbia Plaza,* the D.C. Circuit ordered the district court to enjoin the defendant from prosecuting in a separate case what would have been a counterclaim in the first-filed action. *Columbia Plaza*, 525 F.2d at 627. The D.C. Circuit noted that the "problem of whether to enjoin another action involving the same parties and issues . . . requires a balancing not of empty priorities but of equitable considerations genuinely relevant to the ends of justice." *Id.* at 628.

13. Courts from around the country are in accord. *See Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1333 (Fed. Cir. 2004) (affirming motion to enjoin second-filed litigation); *City of New York v. Exxon Corp.,* 932 F.2d 1020, 1025 (2d Cir. 1991) (holding that courts hearing a first-filed action have the authority to enjoin "a later action embracing the same issue"); *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 605 (5th Cir. 1999) (ordering that case be transferred to first-filed jurisdiction); *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993) (observing that the power of a federal court to "enjoin the parties from proceeding with a later-filed action in another federal court is firmly established"); *Monsanto Tech. LLC v. Syngenta Crop Prot., Inc*., 212 F. Supp. 2d 1101, 1103 (E.D. Mo. 2002) (transferring second-filed action to first-filed jurisdiction and holding that "the two cases do not have to be identical" as long as they present "issues that substantially overlap"); *Bryant v. Oxxford Express, Inc.,* 181 F. Supp. 2d 1045, 1050 (C.D. Cal. 2000) (granting plaintiff's motion to enjoin defendant from prosecuting second-filed case).

14.     Here, the "equitable considerations genuinely relevant to the ends of justice," *Columbia Plaza*, 525 F.2d at 628, overwhelmingly favor enjoining CFPB from prosecuting the California Lawsuit until this Court decides the merits of Plaintiffs' constitutional argument.

15.     <u>First</u>, the Court already has entered a Scheduling Order that will allow the Court to reach the merits of Plaintiffs' facial constitutional challenge to CFPB's structure on an expedited basis. Docket No 8. Indeed, all briefing is scheduled to end on September 25, 2013. *Id*. Plaintiff has already submitted its summary judgment papers. Docket No. 13-2.

16.     <u>Second</u>, an injunction would avoid duplicative motions practice in California. If the California Lawsuit were to continue, Morgan Drexen would be required to move to dismiss on the identical issue pending before this Court, namely its constitutional challenge to CFPB's structure, which is now fully developed in Plaintiffs' summary judgment papers (Document 13-2), and will be fully briefed in short order, *i.e.*, in about 5 weeks. Proceeding in California at the same time would cause Morgan Drexen to incur the unnecessary burden, distraction, and costs related to the duplicative briefing, with end result of wasting judicial resources.

17.     <u>Third</u>, without an injunction the California Lawsuit presents Plaintiffs with the risk of multiple and inconsistent decisions on the issue of CFPB's constitutionality.

18.     <u>Fourth</u>, the balance of equities also favors entry of the injunction. Given the expedited schedule, with all briefing to be completed by September 25, 2013, CFPB can make no credible claim to harm; it merely has to wait until this Court resolves Plaintiffs' constitutional challenge. As set forth above, CFPB had been investigating Morgan Drexen for 16 months at the time of the last teleconference. CFPB did not move for a preliminary injunction in California and can cite no reason for why it cannot wait until this case is complete. On the other hand, requiring Morgan Drexen to defend itself in California before completion of the expedited

briefing already underway is disruptive and diverts focus and attention from the foundational questions presented here.

19.     <u>Fifth</u>, Morgan Drexen is facing irreparable harm related to the costs of defending itself in California, the risk of inconsistent procedures, analysis, and decisions on its constitutional claims, and the stigma and reputational harm associated with a lawsuit brought by an agency that it contends is unconstitutional, and which issues press releases trumpeting a conclusion that Morgan Drexen's is acting unlawfully.

20.     As set forth in the pending summary judgment papers, serious questions have been raised about the constitutionality of CFPB's structure and absence of checks, balances, and oversight, but no court has yet confronted these issues.  There is substantial a public interest in having these issues – regarding this new and unprecedented agency – evaluated by this experienced Court, particularly in the D.C. Circuit, which can pass on the constitutionality of a federal agency headquartered in its jurisdiction.

21.     This Court is where the issues have been presented and should be heard, without the distraction of litigating the identical issue almost 3,000 miles away in a different court.

22.     This is not a circumstance where Plaintiffs were forum shopping on a garden-variety declaratory judgment claim (where a plaintiff requests a declaration that its conduct is not unlawful).  Instead, Plaintiffs in this case raise a foundational threshold issue about the constitutionality of CFPB, in the very Court that has more experience with constitutional issues regarding federal agencies than any other court in the country.  In the words of the Supreme Court, Plaintiffs are "entitled to declaratory relief sufficient to ensure that the [rules] to which they are subject will be enforced ***only by a constitutional agency*** . . . ." *Free Enter. Fund v. Pub. Co. Acct'ing Oversight Bd.*, 130 S. Ct. 3138 (2010) (emphasis added).

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a temporary restraining order and preliminary injunction enjoining CFPB from proceeding with its later-filed action in the U.S. District Court for the Central District of California, until such time as this case is fully and finally resolved.

Dated:  August 22, 2013                              Respectfully submitted,

                                            VENABLE LLP
                                            /s/
                                            Randall K. Miller
                                            D.C. Bar No.  460682
                                            Nicholas M. DePalma
                                            D.C. Bar No. 974664
                                            VENABLE LLP
                                            8010 Towers Crescent Drive, Suite 300
                                            Tysons Corner, VA 22182
                                            Tel: (703) 760-1600
                                            Fax: (703) 821-8949
                                            rkmiller@venable.com
                                            nmdepalma@venable.com

                                            *Randal M. Shaheen
                                            D.C. Bar No. 409292
                                            575 7th Street, N.W.
                                            Washington, D.C. 20004
                                            202.344.4488
                                            202.344.4323
                                            rmshaheen@venable.com
                                            **subject to admission*

                                            *Attorneys for Plaintiffs Morgan Drexen, Inc. and*
                                            *Kimberly A. Pisinski*

7031844