**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MORGAN DREXEN, INC.** and **KIMBERLY A. PISINSKI,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**CONSUMER FINANCIAL PROTECTION BUREAU,**<br><br>*Defendant*. | Civil Action No. 13-01112 (CKK)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ENJOINING CFPB FROM PROSECUTING ITS SECOND-FILED ACTION** |

Randall K. Miller
D.C. Bar No. 460682
Nicholas M. DePalma
D.C. Bar No. 974664
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA 22182
Tel: (703) 760-1600
Fax: (703) 821-8949
rkmiller@venable.com
nmdepalma@venable.com

*Randal M. Shaheen
D.C. Bar No. 409292
575 7th Street, N.W.
Washington, D.C. 20004
202.344.4488
202.344.4323
rmshaheen@venable.com
*subject to admission

*Attorneys for Plaintiffs Morgan Drexen, Inc. and Kimberly A. Pisinski*

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................ 1

**ARGUMENT** ................................................................................................................... 2

    **I.  CFPB FAILS TO DISTINGUISH BETWEEN FACIAL CHALLENGES (SUCH AS THIS CASE) AND AS-APPLIED CHALLENGES** ................................... 2

    **II. THE CASES UPON WHICH CFPB RELIES DO NOT INVOLVE FACIAL CONSTITUTIONAL CHALLENGES TO AGENCY STRUCTURE** ......................... 6

    **III. CFPB FAILS TO ANALYZE THE FACTORS THAT PERMIT THE COURT TO EXERCISE JURISDICTION OVER THIS ACTION AND TO ENJOIN THE SECOND-FILED ACTION** .............................................................................. 7

    **IV. CFPB DISREGARDS THE NOVELTY AND UNTESTED CONSTITUTIONAL STATUS OF THE AGENCY** ............................................................................... 11

    **V. PLAINTIFFS ARE NOT "SEEKING A SECOND BITE AT THE APPLE"** .......... 11

**CONCLUSION** ............................................................................................................. 13

## TABLE OF AUTHORITES

**Cases**

*Amsouth Bank v. Dale*,
    486 F.3d 763 (6th Cir. 2004) ................................................................................................... 6

*Ass'n of American Railroads v. U.S. Dept. of Transp.*,
    721 F.3d 666 (D.C. Cir. 2013) ................................................................................................. 5

*Bayer Healthcare, LLC v. U.S. Food & Drug Admin.*,
    --- F. Supp. 2d ---, 2013 WL 1777481 (D.D.C. Apr. 17, 2013)................................................ 8

*Columbia Plaza Corp. v. Security National Bank*,
    525 F.2d 620, 627 (D.C. Cir. 1975)............................................................................... 2, 8, 10

*Daskalea v. Washington Humane Society*,
    710 F. Supp. 2d 32 (D.D.C. 2010) ......................................................................................... 11

*Elk Run Coal Co., Inc. v. U.S. Dep't of Labor*,
    804 F. Supp. 2d 8 (D.D.C. 2011) ............................................................................................. 4

*Equal Employment Opportunity Commission v. Univ. of Penn.*,
    850 F.2d 969 (3d Cir. 1988)..................................................................................................... 7

*Federation Internationale de Football Ass'n v. Nike, Inc.*,
    285 F. Supp. 2d 64 (D.D.C. 2003) ........................................................................................... 6

*Free Enterprise Fund v. Public Co. Accounting Oversight Board*,
    130 S.Ct. 3138 (2010).......................................................................................................... 3, 4

*Furniture Brands Int'l, Inc. v. United States Int'l Trade Commission*,
    804 F. Supp. 2d 1 (D.D.C. 2011) ......................................................................................... 1, 7

*Gen. Elec. Co. v. EPA*,
    360 F.3d 188 (D.C. Cir. 2004) ................................................................................................. 1

*Hettinga v. United States*,
    560 F.3d 498 (D.C. Cir. 2009) ................................................................................................. 4

*Int'l Painters and Allied Trades Indus. Pension Fund v. The Painting Co.*,
    569 F. Supp. 2d 113 (D.D.C. 2008) ................................................................................ 2, 6, 8

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
    342 U.S. 180 (1952)................................................................................................................. 6

*Lab Corp. v. Am. Holdings v. Chiron Corp.*,
    384 F.3d 1326 (Fed. Cir. 2004)................................................................................................ 7

*POM Wonderful LLC v. Federal Trade Commission*,
   894 F. Supp. 2d 40 (D.D.C. 2012) ................................................................................... 7, 9

*State Nat'l Bank of Big Spring*,
   Case No. 1:12-cv-01032-ESH ............................................................................................ 11

*Swish Marketing, Inc. v. Federal Trade Commission*,
   669 F. Supp. 2d 72 (D.D.C. 2009) ................................................................................... 5, 6

*Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*,
   819, F.2d 746 (7th Cir. 1987) ............................................................................................... 6

*Thayer/Patricof Education Funding v. Pryor Resources, Inc.*,
   196 F. Supp. 2d 21 (D.D.C. 2002) ....................................................................................... 6

*Time Warner Entertainment Co., L. P. v. FCC*,
   93 F.3d 957 (D.C. Cir. 1996) ................................................................................................ 4

*Tyndale House Publishers, Inc. v. Sebelius*,
   904 F. Supp. 2d 106 (D.D.C 2012) ....................................................................................... 8

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995) ............................................................................................................... 6

*Winter v. Natural Res. Def. Council, Inc.*,
   555 U.S. 7, 20-22 (2008) ....................................................................................................... 8

**INTRODUCTION**

The Opposition of Defendant Consumer Financial Protection Bureau ("CFPB") does not rebut this Court's legal presumption that this first-filed – and almost completed – case should continue and the second-filed California Lawsuit should be enjoined.

The arguments in CFPB's Opposition are notable for what they ignore:

- CFPB relies on cases involving "as applied" challenges (challenging an agency's actions in a particular case), ignoring that this case is a "facial" challenge to CFPB's structure, where the D.C. Circuit permits "***pre-enforcement [judicial] review.***" *See Gen. Elec. Co. v. EPA*, 360 F.3d 188, 194 (D.C. Cir. 2004) (emphasis added).

- CFPB asserts that this case and the California Lawsuit (which involves discovery and disputed facts) are both at "the early stage of the respective proceedings' (Opp'n at 8), ignoring this case is on an *expedited* track (with merits briefing closing in 4 weeks).

- CFPB asserts that Plaintiffs won the "race to the courthouse" (Opp'n at 1), ignoring that CFPB told the Court after this case was filed that it had not yet even decided whether to bring an enforcement action.

- CFPB plucks favorable language from certain cases but ignores their holdings, which stop a second-filed action in favor of a first-filed case. *See Furniture Brands Int'l, Inc. v. United States Int'l Trade Commission*, 804 F. Supp. 2d 1, 2 (D.D.C. 2011) (dismissing second-filed action in favor of first-filed case "for reasons of comity and judicial economy"); *Int'l Painters and Allied Trades Indus.*

*Pension Fund v. The Painting Co.*, 569 F. Supp. 2d 113, 121 (D.D.C. 2008) (staying second-filed action in favor of first-filed declaratory judgment action).

- CFPB nonsensically argues that Plaintiffs' motion is somehow a "second bite at the apple" (Opp'n at 1), ignoring that the motion seeks to enjoin a second-filed action that did not even exist when this case started, and that Plaintiffs withdrew their first motion for preliminary injunction only after and because CFPB consented to, and the Court ordered, an expedited schedule that rolled the preliminary injunction and an expedited decision on the merits into one.

- CFPB mixes its opposition to Plaintiffs' motion with its other argument that this this case actually should be dismissed, and that "entertaining" this case will "serve no useful purpose" (Opp'n at 6), ignoring that this case raises a collateral and foundational constitutional challenge to a new and unprecedented super agency.

The circumstances that CFPB's Opposition ignores support enjoining the California Lawsuit. Accordingly, for the reasons stated in Plaintiffs' opening motion and below, this Court should exercise its authority under *Columbia Plaza Corp. v. Security National Bank*, 525 F.2d 620 (D.C. Cir. 1975) and enjoin the California Lawsuit.

## ARGUMENT

### I. CFPB FAILS TO DISTINGUISH BETWEEN FACIAL CHALLENGES (SUCH AS THIS CASE) AND AS-APPLIED CHALLENGES

The gravamen of CFPB's position is that Plaintiffs' entire lawsuit serves no useful purpose, and is also beyond this Court's discretionary jurisdiction because CFPB was contemplating an enforcement action when this case was filed. Opp'n at 6-7. However, the Supreme Court and D.C. Circuit have recognized that this Court may and should conduct "pre-

2

enforcement review" when a plaintiff raises a facial challenge that is collateral (and in the case, foundational) to the merits of an enforcement proceeding. These authorities support enjoining the California Lawsuit, and underscore that the "as applied" cases are inapplicable.

For example, in *General Electric Co. v. EPA*, 360 F.3d 188 (D.C. Cir. 2004), the D. C. Circuit reversed a decision granting the government's motion to dismiss and held the district court had jurisdiction over a "facial" constitutional challenge to the CERCLA regime, as opposed to an "as-applied" challenge. 360 F.3d at 192. In so holding, the D.C. Circuit emphasized the "distinction" between "a challenge to the way in which [an agency] is administering the statute in any particular removal or remedial action or order," which could be precluded, and "a challenge to the [enabling] statute itself," which is not precluded. *Id*. at 191. The D.C. Circuit held that "usual practical considerations counseling against pre-enforcement review are not present in the adjudication of a facial [constitutional] claim." *Id*. at 194 (citations omitted). Instead, the case presents "a purely legal issue whose resolution does not depend on" discovery and resolution of factual disputes present in an enforcement proceeding. *Id*. The D.C. Circuit remanded so that the court could conduct "pre-enforcement review" of GE's "facial constitutional challenge." *Id*. at 191.

In *Free Enterprise Fund v. Public Co. Accounting Oversight Board*, 130 S.Ct. 3138 (2010), the Supreme Court rejected a government argument almost identical to that raised by CFPB here. That case involved a facial constitutional challenge to a new agency, and the government argued that the plaintiff had no "private right of action directly under the Constitution" to challenge the agency's structure, asserting that such challenges could only be raised "through established statutory mechanisms or as ***defenses to enforcement actions***." Brief for the United States, 2009 WL 3290435, at *22-23 (emphasis added). The Court rejected the

3

government's argument, noting that it has long been recognized that federal courts have original jurisdiction and equitable power to hear and remedy such constitutional claims. 130 S.Ct. at 3151 n.2. The Court found that the petitioner's constitutional claim was "collateral" to particular agency orders and rules because petitioners more fundamentally "object to the Board's *existence*." *Id*. at 3150 (emphasis added). The Court held that the petitioners were "entitled to declaratory relief sufficient to ensure that the [rules] to which they are subject will be enforced only by a constitutional agency . . ." *Id*. at 3164.

Other D.C. cases confirm that this Court has jurisdiction over facial constitutional challenges, which need not be heard as a defense in the ordinary course of an agency's enforcement processes. *See Hettinga v. United States*, 560 F.3d 498 (D.C. Cir. 2009) (asserting jurisdiction over a constitutional claim and rejecting the government's argument that the claim first required exhaustion of administrative remedies); *Time Warner Entertainment Co., L. P. v. FCC*, 93 F.3d 957, 965 (D.C. Cir. 1996) (asserting jurisdiction and noting that there is a "necessary distinction between a constitutional challenge that is exclusively directed to the source of putative agency authority and a challenge to the manner in which the agency has exercised or . . . failed to exercise that authority."); *Elk Run Coal Co., Inc. v. U.S. Dep't of Labor*, 804 F. Supp. 2d 8, 21 (D.D.C. 2011) (asserting jurisdiction over the plaintiff's "broad facial and systemic challenges," which did not require prior exhaustion of administrative remedies).

In this case, Plaintiffs assert a facial challenge to the constitutionality of CFPB's structure. Plaintiffs argue that CFPB's insulation from ordinary checks, balances, and oversight is novel and violates the Constitution. As the U.S. Chamber of Commerce has stated, Congress broke new ground when it created CFPB. In referring to CFPB's Director, the Chamber stated:

> [T]here is no other agency head who exercises sole decisionmaking authority with regard to rulemaking, enforcement and supervision actions, and every other matter—*and* need not obtain the concurrence of colleagues on a multi-member commission; *and* who also has policy independence from the President such that he or she may be removed from office only 'for inefficiency, neglect of duty, or malfeasance in office'; *and* who also has plenary power to appoint every one of the agency's employees; *and* who also has the ability to spend more than half a billion dollars without congressional approval.

Statement of the U.S. Chamber of Commerce on "Enhanced Consumer Financial Protection After the Financial Crises," *U.S. Senate Committee on Banking, Housing, and Urban Affairs*, at 29 (July 19, 2011) (emphasis in original).[1]  Plaintiffs agree and argue that the combination of CFPB's structural features violates the Constitution.  "[J]ust because two structural features raise no constitutional concerns independently does not mean Congress may combine them in a single statute," and CFPB's "novelty may . . . signal unconstitutionality." *Ass'n of American Railroads v. U.S. Dept. of Transp.*, 721 F.3d 666, 673 (D.C. Cir. 2013).

This kind of facial challenge does not involve discovery or disputed facts such as those at issue in *Swish Marketing, Inc. v. Federal Trade Commission*, 669 F. Supp. 2d 72 (D.D.C. 2009), or the vast majority of cases cited by CFPB, and cannot be lumped together with them in analyzing jurisdiction or the efficiency[2] of proceeding with this case first.  Instead, the law underscores the propriety of completing the task initiated with the Scheduling Order in this case, and without the distraction of the California Lawsuit.

---

[1] Available at http://www.banking.senate.gov/public/index.cfm?FuseAction=Files.View&FileStore_id=19e3efe3-0c50-47df-bb3c-b75ff93e7a5f (lasted visited Aug. 5, 2013).

[2] The Court is required to consider equity and efficiency considerations relevant to "the convenience of the parties and the courts" and the "overall interests of justice." *Columbia Plaza*, 525 F.2d at 622, 626-27.

## II.   THE CASES UPON WHICH CFPB RELIES DO NOT INVOLVE FACIAL CONSTITUTIONAL CHALLENGES TO AGENCY STRUCTURE

The cases that CFPB cites are distinguishable because they involve plain-vanilla declaratory judgment actions where plaintiffs races to court to obtain an order that their conduct in the underlying matter is lawful.  These cases provide little guidance because the nature of Plaintiffs' claim here is to challenge the constitutionality of CFPB's structure, which is a foundational issue raised by many yet evading review.

For example, CFPB cites *Amsouth Bank v. Dale*, 486 F.3d 763 (6th Cir. 2004) to argue that there is a "presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit."  Opp'n at 7.  However, that case did not involve a facial challenge to the constitutionality of a statute; instead the plaintiffs "ask[ed] for declaratory relief that they [were] not liable" for negligence.  *Id.* at 772.[3]

In any event, much of CFPB's authority supports Plaintiffs' position.  For example, in *International Painters*, 569 F. Supp. 2d 113 (D.D.C. 2008), the first-filed declaratory judgment action was not a facial challenge to a statute.  However, the Court nonetheless stayed the second-filed action.  *Id.* at 121.  Similarly, CFPB cites *Furniture Brands*, 804 F. Supp. 2d 1, 2 (D.D.C.

---

[3] The vast majority of CFPB's cases involve similar fact patterns that do not raise constitutional issues. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (first-filed case brought by an insurer seeking a declaration as to the scope of an insurance policy) *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 181 (1952) (first-filed case brought by an alleged infringer seeking a declaration that patents were invalid and that it did "not infringe the C-O-Two patents"); *Swish Marketing, Inc. v. Federal Trade Commission*, 669 F. Supp. 2d 72, 74 (D.D.C. 2009) (first-filed case brought by FTC target seeking a declaration as to "whether and to what extent the FTC may seek monetary relief for the alleged violation of the FTCA"); *Federation Internationale de Football Ass'n v. Nike, Inc.*, 285 F. Supp. 2d 64, 67 (D.D.C. 2003) (first-filed suitcase brought by an alleged infringer seeking a declaration that the use of a phrase "did not amount to trademark infringement"); *Thayer/Patricof Education Funding v. Pryor Resources, Inc.*, 196 F. Supp. 2d 21, 27 (D.D.C. 2002) (first-filed case brought a party alleged in breach of a contract seeking a declaration that would limit the other party's damages); *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819, F.2d 746 (7th Cir. 1987) (first-filed suit brought by an alleged infringer seeking a declaration that it did not commit "trademark infringement").

2011) to argue that "equitable considerations" support dismissing Plaintiffs' case. Opp'n at 8. However, *Furniture Brands* dismisses the second-filed action "for reasons of comity and judicial economy." 804 F. Supp. 2d at 7 ("Because equitable considerations favor the [Court of International Trade ("CIT")] . . . and because the CIT is the first-filed court, this Court will defer to the litigation at the CIT and dismiss the case"). CFPB's authority is therefore consistent with the authority cited in Plaintiffs' opening brief, such *Lab Corp. v. Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1333 (Fed. Cir. 2004) (enjoining a second-filed suit in favor of a first-filed declaratory judgment action).[4] The same result should obtain here, particularly where Plaintiffs have raised a facial constitutional challenge that should be resolved before CFPB can prosecute any enforcement action.[5]

## III.  CFPB FAILS TO ANALYZE THE FACTORS THAT PERMIT THE COURT TO EXERCISE JURISDICTION OVER THIS ACTION AND TO ENJOIN THE SECOND-FILED ACTION

The parties appear to agree that *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 627 (D.C. Cir. 1975) provides the standard for enjoining the second-filed action. *See* Docket No.

---

[4] In *Lab Corp.*, the plaintiff was accused of patent infringement and filed a declaratory judgment action declaring that it was not liable. *Id.* at 127. The patent-owner brought a second-filed action for patent infringement. *Id.* Like Plaintiffs here, the first-filed plaintiff moved to enjoin the second-filed action. The first-filed defendant opposed, arguing that it was an "effort to forum shop in abuse of the Declaratory Judgment Act." *Id.* at 132. Nonetheless, the district court granted the motion and the Federal Circuit affirmed, holding that "the district court made an informed determination as to how it would manage the litigation pending before it based on sound reasoning and identified facts." *Id.* at 1333.

[5] The cases cited by CFPB which involve concurrent actions with constitutional issues are not facial constitutional challenges to an agency's enabling statute. *See POM Wonderful LLC v. Federal Trade Commission*, 894 F. Supp. 2d 40, 41 (D.D.C. 2012) (the plaintiff sought declaratory judgment against the FTC based on statements in two consent orders); *Equal Employment Opportunity Commission v. Univ. of Penn.*, 850 F.2d 969, 973, 975-76 (3d Cir. 1988) (the plaintiff sought declaratory judgment against the EEOC in the District of Columbia to "evade unfavorable controlling Third Circuit precedent," based on an EEOC policy that required "disclosure of peer review materials").

15-1 at 4 and Opp'n at 5.[6] CFPB's criticism that Plaintiffs' "sole ground" for moving for a preliminary injunction is that Plaintiffs filed first (Opp'n at 5) grossly mischaracterizes Plaintiffs' opening brief which identified many factors, only one of which is the first-filed rule. Docket No. 15-1 at 5. CFPB's authority supports Plaintiffs' position. *See Int'l Painters*, 569 F. Supp. 2d at 116 (D.D.C. 2008) (recognizing the first-filed rule generally allows the action commenced first to conclude first, and discussing other cases where courts analyze other factors to consider an "exception" to the first-filed rule).

Contrary to CFPB's argument that courts generally "reject preemptive declaratory judgment actions" in the context of a second-filed "government enforcement action" (Opp'n at 7), there is no such rule. CFPB relies on *POM Wonderful* 894 F. Supp. 2d 40 and *Swish Mktg, Inc.*, 669 F. Supp. 2d 72 to suggest such a rule, but these cases simply apply a multifactor test, including "equity," "convenience," and the "public importance of the question to be decided."

---

[6] Despite the fact that CFPB cites *Columbia Plaza*, it still criticizes Plaintiffs for not analyzing the preliminary injunction factors identified in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008) (Opp'n at 4). However, Plaintiffs' opening brief explained that "[i]n determining whether the prosecution of a suit in another forum should be preliminarily enjoined pending disposition of the action in which the motion is filed, [the preliminary injunction factors] are of secondary significance." *Columbia Plaza Corp.*, 525 F.2d at 622 n.3. "The primary factor to be weighed is the convenience of the parties and the courts." *Id.* This pragmatic approach is routinely applied in the authority cited by both parties. It is not clear that *Winter* would otherwise govern this motion in any event. *See Bayer Healthcare, LLC v. U.S. Food & Drug Admin.*, --- F. Supp. 2d ---, 2013 WL 1777481, at *4-5 (D.D.C. Apr. 17, 2013) (applying a "sliding scale" whereby "a lesser showing on one factor could be surmounted by a greater showing on another factor" in partially granting motion for temporary restraining order); *Tyndale House Publishers, Inc. v. Sebelius*, 904 F. Supp. 2d 106, 113 n.6 (D.D.C 2012) (employing pre-*Winter* sliding scale analysis). However, even under *Winter*, Plaintiffs' motion should be granted because: (1) Plaintiffs have demonstrated a "substantial likelihood of success on the merits" for the reasons identified in their summary judgment briefing (Docket No. 13-2); (2) Plaintiffs are likely to "suffer irreparable harm" for the reasons identified in their moving papers (Docket No. 15-1 at 7 ¶ 19); (3) "the balance of equities tips" in Plaintiffs' favor because an injunction will not harm CFPB – it merely has to wait until Plaintiffs' constitutional challenge is resolved; and (4) upholding the Constitution and ensuring the orderly administration of justice is in the "public interest."

*POM Wonderful*, 894 F. Supp. 2d at 44 (citation omitted).  CFPB does not address these factors; as explained below, they favor exercising jurisdiction over this case and granting Plaintiffs' motion.

For example, CFPB cites the "the early stage of the respective proceedings" (Opp'n at 8), but that is factually incorrect because this case will be fully submitted on September 25 and there is not yet a scheduling order in the California Lawsuit, which will involve discovery, motions practice, disputed facts, and proceedings that could last for years.  Given the expedition ordered and consented to in this case, this factor favors enjoining the California Lawsuit.  This Court commented that it would make an "expedited decision," and therefore it "would be helpful, probably, not to have an enforcement action . . . going on at the same time." 7/25/2013 Tr. 5:20-24.  This Court's commitment of resources to decide this matter quickly, with all parties' consent, is another reason to permit this case to reach its conclusion and to enjoin the California Lawsuit.

CFPB also argues that Plaintiffs won the "race to the courthouse" (Opp'n at 1), but there is no evidence of any "race" because CFPB had not decided whether or not to sue.  CFPB confirmed this to the Court after this suit was filed.  *See* 7/25/13 Tr. at 5:10 to 6:11 ("We have not yet determined whether or not to file an enforcement action, and I can't commit to what we will do in that regard . . .").

CFPB relegates its response to Plaintiffs' argument about the inefficient duplication and risk of inconsistent decisions that would result from litigating the California Lawsuit (where Plaintiffs would be forced to move to dismiss on the constitutional issue) to a footnote (Opp'n at 8 n.6) and CFPB's only response is to blame Plaintiffs for filing this lawsuit.  This gives impermissibly short shrift to an important factor weighing in favor of granting the injunction: the

protection of both the parties' and the Court's resources, and the generally tendency of courts (as embodied in doctrines like *res judicata*) to avoid multiple and inconsistent judgments on the same issue. *See Columbia Plaza*, 525 F.2d at 626 ("Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided"). Plaintiffs have the right to challenge CFPB's structure under D.C. Circuit and Supreme Court authority, as explained in Section I above. There was nothing improper about Plaintiffs' filing this suit.

CFPB argues that "the anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure" (Opp'n at 6). However, Plaintiffs are not anticipating defenses but instead bringing a facial constitutional challenge to the structure of an agency that has purported to exercise authority over them and that has caused and threatened them with significant financial injury. Plaintiffs have the right and authority to bring this as a stand-alone case under *General Electric* and *Free Enterprise Fund*.

There are still other factors favoring completing this case first that CFPB fails to address, including:

    a.    CFPB is located here. (CFPB argues that Morgan Drexen is located in California (Opp'n at 8), but that poses no inconvenience to CFPB in any way.)

    b.    All lawyers on both sides of the case work here. (This is readily apparent from the signature blocks in both cases. *See* Docket No. 14-1.)

    c.    The majority of CFPB's investigation occurred here, and Morgan Drexen has already produced over seventeen thousand pages of documents to CFPB in the District of Columbia. *See* Declaration of Randal K. Shaheen, Docket No. 3-5 (Ex. 26).

    d.    The D.C. Circuit has the most experience with constitutional issues affecting federal administrative agencies.

    e.    Another case challenging CFPB's structure is on appeal in this Circuit (having been dismissed by the district court for lack of standing). *See State Nat'l Bank of*

>  *Big Spring*, Case No. 1:12-cv-01032-ESH (Docket Nos. 45-46) (Notices of Appeal).
>
> f. The constitutional issue is already joined here, with Plaintiffs' motion for summary judgment and CFPB's response thereto pending before this Court.
>
> g. No fact issues or expensive and time consuming discovery required here (unlike an as-applied claim, "the litigation of which—unlike a facial challenge—would require the time and expense of discovery." *See Daskalea v. Washington Humane Society*, 710 F. Supp. 2d 32, 45 (D.D.C. 2010) (Kollar-Kotelly, J.)).

## IV. CFPB DISREGARDS THE NOVELTY AND UNTESTED CONSTITUTIONAL STATUS OF THE AGENCY

CFPB argues that the implication of the pending motion is that "any subject of a government enforcement action" could file a preemptive case and delay an enforcement proceeding. Opp'n at 7. CFPB cites cases involving the FTC, a multimember commission who constitutionality has long been settled. This case is *sui generis* given the novelty of CFPB structure and foundational nature of the constitutional claims. Deciding this case first benefits CFPB, who will otherwise have to contend with the ongoing controversy surrounding its structure, which continues to be debated both in and out of Congress. With every passing day, CFPB takes more actions, the validity of which remain questionable unless and until there is a final ruling on the agency's structure.

## V. PLAINTIFFS ARE NOT "SEEKING A SECOND BITE AT THE APPLE"

CFPB's claim that Plaintiffs "seek a second bite at the apple" (Opp'n at 1) is unfounded. Plaintiffs withdrew their first preliminary injunction motion after the telephonic hearings with the Court where all parties consented to move on an expedited basis.[7] Plaintiffs did not

---

[7] At the initial hearing, the Court commented: "The one question that I had is, I was going to propose as to whether it would be amenable to the parties to roll the preliminary injunction into a decision on the merits. In other words, to do the briefing on the merits with an expedited schedule, obviously, an expedited decision. The underlying complaint is challenging the constitutionality of the statute establishing the agency, and that is the subject of at least the merits in terms of the PI. And instead of doing it in two different bites, it might be better to

withdraw their motion because they feared it would be denied.  This hardly constitutes an unsuccessful "bite."  It is CFPB's filing of the California Lawsuit that has complicated what the Court and Plaintiffs sought to simplify at the initial conference– with CFPB's consent.  CFPB's apparent change of heart and belated tactical decision need not be accepted as controlling by the Court in its *Columbia Plaza* analysis.

---

frankly just roll it in and make one decision that will take care of the whole case, if the parties are willing, and if actually this case would work out that way."  7/24/2013 Tr. 3:10-22.  The parties consented to follow the Court's suggestion.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a temporary restraining order and preliminary injunction enjoining CFPB from proceeding with its later-filed action in the U.S. District Court for the Central District of California, until such time as this case is fully and finally resolved.


Dated:  September 3, 2013                                  Respectfully submitted,

                                                                              VENABLE LLP
                                                                                          /s/
                                                                              _____
                                                                              Randall K. Miller
                                                                              D.C. Bar No.  460682
                                                                              Nicholas M. DePalma
                                                                              D.C. Bar No. 974664
                                                                              VENABLE LLP
                                                                              8010 Towers Crescent Drive, Suite 300
                                                                              Tysons Corner, VA 22182
                                                                              Tel: (703) 760-1600
                                                                              Fax: (703) 821-8949
                                                                              rkmiller@venable.com
                                                                              nmdepalma@venable.com

                                                                              *Randal M. Shaheen
                                                                              D.C. Bar No. 409292
                                                                              575 7th Street, N.W.
                                                                              Washington, D.C. 20004
                                                                              202.344.4488
                                                                              202.344.4323
                                                                              rmshaheen@venable.com
                                                                              *subject to admission


                                                                              *Attorneys for Plaintiffs Morgan Drexen, Inc. and Kimberly A. Pisinski*

7054141